IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF TEXAS

Civil Action No. **SA25CA0021**

FILED

JAN - 6 2025

**JKP**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**JODIE COLLINS**, Plaintiff,

v.

**Westlake Financial Services**, Defendant.

## COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE LAW, BREACH OF CONTRACT, AND DAMAGES

### INTRODUCTION

1. Plaintiff JODIE COLLINS ("Plaintiff") brings this action against Westlake Financial Services ("Defendant") for breaches of contract, wrongful repossession, and violations of both federal and Texas state consumer protection laws. Plaintiff alleges that Defendant failed to honor a payment tendered via a negotiable instrument, failed to validate the debt upon request, and wrongfully repossessed Plaintiff's vehicle, causing significant financial, emotional, and logistical damages.

2. Plaintiff seeks compensatory and punitive damages, equitable relief, and other remedies under the Uniform Commercial Code ("UCC"), Federal Reserve Act, Emergency Banking Act, Texas Deceptive Trade Practices Act ("DTPA"), and other relevant statutes and regulations.

### JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction for related state law claims).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred within this district, and Defendant conducts substantial business in this jurisdiction.

### PARTIES

5. Plaintiff JODIE COLLINS is an individual residing in Live Oak, Bexar County, Texas.

6. Defendant Westlake Financial Services is a financial institution with its principal place of business at 4751 Wilshire Blvd #100, Los Angeles, CA 90010. Defendant services loans nationwide, including in Texas.

## FACTUAL BACKGROUND

7. On or about July 10, 2024, Plaintiff purchased a 2011 BMW 740LI from Auto Select Groups LLC for $10,672.92. Plaintiff made a $1,600 down payment, and Auto Select Groups LLC financed the remaining balance. Auto Select Groups LLC assigned the loan to Defendant Westlake Financial Services on the same day.

8. In November 2024, Plaintiff tendered payment via a negotiable instrument, specifically a bill of exchange in the amount of $9,000, as authorized under UCC §3-104 and the Federal Reserve Act. Plaintiff's agent, acting under durable power of attorney, instructed Defendant to apply the payment using Principal's interest from security collateral. Despite compliance with governing laws, Defendant rejected the payment and claimed it was invalid.

9. On December 30, 2024, Plaintiff issued a formal debt validation notice to Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692g, requesting verification of the debt and evidence of its validity. Defendant failed to provide the required validation.

10. On January 3, 2025, Defendant repossessed Plaintiff's vehicle without prior notice or compliance with the validation requirements under FDCPA and applicable UCC provisions.

11. As a result, Plaintiff was forced to pay $1,163.62 to retrieve the vehicle. Compounding the harm, Plaintiff's newborn grandchild's car seat base was in the vehicle at the time of repossession, rendering it impossible to transport the child safely. Due to the storage facility's closure over the weekend, Plaintiff was unable to retrieve the vehicle or access its contents until the following Monday, further exacerbating the financial and emotional impact.

## CAUSES OF ACTION

## Count 1: Breach of Contract

12. Plaintiff incorporates by reference paragraphs 1 through 11 as if fully set forth herein.

13. A valid contract existed between Plaintiff and Defendant for the financing of the vehicle.

14. Plaintiff fulfilled all contractual obligations, including tendering payment through a lawful negotiable instrument.

15. Defendant breached the contract by failing to accept the payment and repossessing the vehicle without just cause or legal basis.

## Count 2: Violations of the Fair Debt Collection Practices Act (FDCPA)

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. Defendant violated 15 U.S.C. §1692g by failing to validate the debt after receiving Plaintiff's notice and subsequently repossessing the vehicle without the requisite verification.

## Count 3: Violations of the Texas Deceptive Trade Practices Act (DTPA)

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. Defendant engaged in deceptive trade practices under Tex. Bus. & Com. Code §17.46(b) by misrepresenting the validity of Plaintiff's payment and repossessing the vehicle in bad faith.

## Count 4: Wrongful Repossession

20. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Defendant's actions constituted wrongful repossession, as they failed to comply with contractual and statutory requirements, including providing adequate notice and honoring lawful payments.

## DAMAGES

22. Plaintiff seeks the following damages:

a. Actual damages in the amount of $1,163.62 paid to retrieve the vehicle;

b. Refund of the $1,600 down payment;

c. Emotional distress damages in the amount of $15,000, arising from the wrongful repossession and associated stress;

d. Legal fees at $750 per hour for an estimated 25 hours, totaling $18,750;

e. Postal and administrative expenses amounting to $200;

f. Punitive damages of $50,000 to deter future misconduct by Defendant;

g. Any other relief deemed just and proper by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant;
2. Award Plaintiff the damages detailed above;
3. Declare that Defendant's actions violated the FDCPA and DTPA;
4. Order Defendant to accept the bill of exchange as valid payment and cease further collection activities;
5. Award Plaintiff the costs and expenses of this action, including reasonable attorney fees;
6. Grant such other and further relief as the Court deems equitable and appropriate.

## DEMAND FOR BENCH TRIAL

Plaintiff requests a trial by judge on all issues so triable.

Respectfully submitted,

JODIE COLLINS
6706 Crest Place
Live Oak, TX 78233
210-279-6926
procorp2009@gmail.com

Dated: January 6, 2025