UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JODIE COLLINS,**

  *Plaintiff*,

v.                                          Case No.  SA-25-CV-00021-JKP

**WESTLAKE FINANCIAL SERVICES,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Westlake Financial Services (Westlake) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 16*. Plaintiff Jodie Collins responded. *ECF No. 17*. Upon consideration the Court GRANTS the Motion to Dismiss.

Also before the Court is Collins's Emergency Motion for Contempt and Sanctions, Motion to Amend Complaint, and Request for Fair Compensation for Vehicle. *ECF No. 18*. Upon consideration and upon dismissal of this suit for failure to state a plausible cause of action, this Motion is DENIED.

**Factual Background**

This action arises from Collins's purchase of a used vehicle (the Vehicle) from Auto Select Groups, LLC (Auto Select). On the same day, Auto Select "sold and assigned the loan to Westlake." *ECF No. 12, par 9*. Later, Collins attempted to submit payment for the loan amount in the form of a "bill of exchange," which he alleges is a valid "negotiable instrument." *Id*. at pars. 9-17. In the Amended Complaint, Collins alleges Westlake improperly rejected this valid

negotiable instrument submitted for satisfaction of this debt. *Id*. By rejecting this form of payment, Collins contends Westlake committed breach of contract, violation of the Fair Debt Collection Practices Act, violation of the Texas Deceptive Trade Practices Act (DTPA), wrongful repossession, and conversion. In this action, Collins contends the "bill of exchange" presented is an equivalent to money that Westlake is required to accept.

## Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could

prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

The pleadings of pro se litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, pro se plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d

3

467, 469 (5th Cir. 2016). A pro se litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Federal Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

## Discussion

**Breach of Contract**

To assert a cause of action for breach of contract claim under Texas law, a plaintiff must sufficiently allege facts to support: (1) a valid contract existed between himself and the defendant; (2) he tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) he sustained damages as a result of the defendant's breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n. 21 (Tex. 2018).

"United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103. A "bill of exchange", or an "endorsed bill", created by a private citizen cannot be used as legal tender in the United States. *Chavis v. T-Mobile US, Inc.*, No. 23-CV-1513, 2024 WL 150734, at *4 and n.2 (W.D. Tex. Jan. 11, 2024). Because an "endorsed bill" or "bill of exchange" is not legal tender, a plaintiff cannot satisfy his obligations under loan or credit agreement by submitting it as payment for the debt. *Id.*; *Bey v. Bray*, No. 4:22-CV-933, 2023 WL 5987393, at *5, n.4 (E.D. Tex. Aug. 1, 2023); *Report and Recommendation adopted*, 2023 WL 6162742 (Sept. 21, 2023); *Harvey v. United States Treasury*, No. 22-CA-789, 2022 WL 3646162, at *2 (W.D. Tex. Aug. 9, 2022); *Charles v. Castro*, No. 5:20-CV-00042, 2020 WL 5670110, at *2 (E.D. Tex. Sept. 24, 2020).

Collins cannot satisfy his payment obligation under the parties' presumed credit agreement by submitting a "bill of exchange" as payment. *See Chavis*, 2024 WL 150734, at *4; *Harvey*, 2022 WL 3646162, at *2. For this reason, as alleged, Collins cannot state a plausible cause of action for breach of contract and would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the Amended Complaint. *See Jones*, 188 F.3d at 324; *Vander Zee,* 73 F.3d at 1368. Further, Collins cannot satisfy his burden of proof for a breach of contract cause of action because, under the pleaded facts, he cannot show he satisfied his payment obligations, or tendered performance, by submitting a "bill of exchange" as payment, nor can he show Westlake breached the terms of the contract by failing to accept the "bill of exchange" as payment.

Based upon these findings and conclusions, the Court will not provide Collins an opportunity to amend his Amended Complaint. *See Hitt,* 561 F.2d at 608–09. Controlling authority and Collins's allegations reveal he cannot state a plausible cause of action for breach of contract. Therefore, amendment would be futile. Further, this Court provided Collins an opportunity to amend the Complaint prior to the filing of this Motion to Dismiss to correct the presented deficiencies, and he did file this Amended Complaint. *See Hitt,* 561 F.2d at 608–09; *Mendoza-Tarango*, 982 F.3d at 402; *Marucci Sports,* 751 F.3d at 378.

**Violation of the Fair Debt Collection Practices Act (FDCPA)**

To assert a cause of action for violation of the FDCPA, a plaintiff must sufficiently allege facts to support: (1) he was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-10704,

2015 WL 9918693, at *4 (N.D. Tex. Nov. 13, 2015). Under the FDCPA, a debt collector is defined as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *Id.* (citing 15 U.S.C. §1692a(6)). A lender is not considered a "debt collector" under the FDCPA if the subject debt was not in default at the time it was assigned. *Id.*

Collins cannot assert a viable cause of action for violations of the FDCPA as pleaded because Westlake is not a debt collector as defined by the statute. *See id.*; 15 U.S.C. § 1692a(6). In the Amended Complaint, Collins pleads Auto Select "sold and assigned" the subject Financing Agreement and its corresponding security interest in the Vehicle to Westlake on the date he purchased the Vehicle. *ECF No. 12, pars. 9-10.* Therefore, by repossessing the Vehicle, Westlake was collecting a debt owed to it, not "due another." Further, as a lender and because the loan was not in default when assigned, Westlake was not a debt collector as defined by the FDCPA. *See* 15 U.S.C. §1692a(6); *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 765 (N.D. Tex. 2013). Based on the facts alleged, Westlake cannot be liable under the FDCPA for collection activities related to repossession of the Vehicle to satisfy Collins's loan obligation. *See Gatson v. Wilshire Commercial Capital LLC,* No. 4:22-CV-11, 2022 WL 4479236, at *4 (E.D. Tex. Aug. 31, 2022), *report and recommendation adopted*, No. 4:22-CV-11, 2022 WL 4474250 (Sept. 26, 2022).

Based upon these findings and conclusions, the Court will not provide Collins an opportunity to amend his Amended Complaint. *See Hitt,* 561 F.2d at 608–09. Controlling authority and Collins's allegations reveal he cannot state a plausible cause of action for violation of the FDCA. Therefore, amendment would be futile. Further, this Court provided Collins an opportunity to amend the Complaint prior to the filing of this Motion to Dismiss to correct the presented defi-

ciencies, and he did file this Amended Complaint. *See Hitt,* 561 F.2d at 608–09; *Mendoza-Tarango*, 982 F.3d at 402; *Marucci Sports,* 751 F.3d at 378.

**Violation of the Texas Deceptive Trade Practices Act (TDTPA)**

To assert a cause of action for violation of the TDTPA, a plaintiff must sufficiently allege facts to support: (1) he is a consumer; (2) he engaged in at least one of the laundry list items provided by Texas Business & Commerce Code section 17.46(b); (3) he detrimentally relied on the false, misleading, or deceptive act or practice; and (4) the false, misleading, or deceptive act or practice was a producing cause of his injury. Tex. Bus. & Com. Code § 17.50(a)(1); *see Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 21 (Tex. App.-Houston [1st Dist.] 2009). A consumer must establish the defendant violated a specific provision of the TDTPA, and the violation was a producing cause of the plaintiff's injury. Tex. Bus. & Com. Code § 17.50(a); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

In the First Amended Complaint, Collins alleges Westlake "engaged in deceptive trade practices under Tex. Bus. & Com. Code § 17.46(b) by misrepresenting the validity of his payment in the form of a "bill of exchange" and repossessing the vehicle in bad faith. *ECF No. 12, pars. 18–19*. Collins fails to indicate a specific provision of the DTPA that Westlake violated, nor allege Westlake engaged in one of the laundry list items provided by Tex. Bus. & Com. Code § 17.46(b). *See* Tex. Bus. & Com. Code § 17.50(a); *see also Doe*, 907 S.W.2d at 478.

For these reasons, Collins fails to sufficiently plead a cause of action for violation of the DTPA. Further, Collins cannot support this cause of action based upon the allegation "Westlake misrepresent[ed] the validity of his payment in the form of a 'bill of exchange'" because Col-

lins's submission of a "bill of exchange" is invalid payment as a matter of law. *See* 31 U.S.C. § 5103; *Chavis*, 2024 WL 150734, at *4.

Based upon these findings and conclusions, the Court will not provide Collins an opportunity to amend his Amended Complaint. *See Hitt,* 561 F.2d at 608–09. Controlling authority and Collins's allegations reveal he cannot state a plausible cause of action for violation of the Texas DTPA. Therefore, amendment would be futile. Further, this Court provided Collins an opportunity to amend the Complaint prior to the filing of this Motion to Dismiss to correct the presented deficiencies, and he did file this Amended Complaint. *See Hitt,* 561 F.2d at 608–09; *Mendoza-Tarango*, 982 F.3d at 402; *Marucci Sports,* 751 F.3d at 378.

**Wrongful Repossession**

Collins alleges Westlake wrongfully repossessed the vehicle and unlawfully converted the personal contents inside. *See ECF No. 12, pars. 29–32*.

When a debtor defaults on a loan obligation, a secured party may take possession of the assigned collateral, dispose of it, and apply the proceeds to help satisfy the obligation. Tex. Bus. & Com. Code §§ 9.609, 9.610, 9.615.

Collins cannot assert a valid cause of action for wrongful repossession because, as plead, Collins offered an invalid negotiable instrument in the form of a "bill of exchange" as payment for the Vehicle, and Westlake did not agree to accept this form of payment. Consequently, as plead, Collins defaulted on the loan obligation held by Westlake. Upon such default, Westlake, as the secured party, may take possession of the Vehicle, dispose of it, and apply the proceeds to help satisfy the loan. *See* Tex. Bus. & Com. Code §§ 9.609, 9.610, 9.615.

As plead, Westlake repossessed the Vehicle after Collins failed to timely remit valid payments. Accordingly, Collins fails to sufficiently plead a cause of action for wrongful repossession, and this cause of action will be dismissed.

Based upon these findings and conclusions, the Court will not provide Collins an opportunity to amend his Amended Complaint. *See Hitt,* 561 F.2d at 608–09. Controlling authority and Collins's allegations reveal he cannot state a plausible cause of action for violation of the Texas DTPA. Therefore, amendment would be futile. Further, this Court provided Collins an opportunity to amend the Complaint prior to the filing of this Motion to Dismiss to correct the presented deficiencies, and he did file this Amended Complaint. *See Hitt,* 561 F.2d at 608–09; *Mendoza-Tarango*, 982 F.3d at 402; *Marucci Sports,* 751 F.3d at 378.

**Conversion**

Collins alleges Westlake wrongfully exercised dominion or control over his Vehicle and his personal contents inside, consisting of tools and a car seat base. *See ECF No. 12, pars. 33-36.*

Conversion is "the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Izen v. Move-It Self Storage, LP*, No. 14-21-00089-CV, 2023 WL 2808119, at *7 (Tex. App.—Houston [14th Dist.] Apr. 6, 2023, no pet.)(citing *Tripp Vill. Joint Venture v. MBank Lincoln Ctr., N.A.*, 774 S.W.2d 746, 750 (Tex. App.-Dallas 1989)); *Bandy v. First State Bank*, Overton, Tex., 835 S.W.2d 609, 622 (Tex. 1992). A party who holds a valid contractual or statutory lien on property may establish dominion or control over such property upon default. *See id.*; *see also Bandy,* 835 S.W.2d at 622.

Collins references the subject Financing Agreement in his Amended Complaint, which Westlake properly attaches to the Motion to Dimiss. *ECF No. 12, par. 9*; *see Collins v. Morgan*

9

*Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000); *see also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). The subject Financing Agreement states that if Collins is in default on the loan obligation, Westlake "may immediately take possession of the Property by legal process or self-help . . ." and "[Westlake] may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. [Westlake] will send [Plaintiff] written notice at [Plaintiff's] last known address within 15 days of [Westlake's] discovery of such personal property. If [Plaintiff] fail to claim that property as provided in the notice, [Westlake] may retain or dispose of that property . . ." *See ECF No. 16, exh. 2, p. 4.*

Collins fails to allege Westlake failed to satisfy its obligation under the Financing Agreement to provide written notice at Collins's last known address within 15 days and fails to allege he contacted Westlake to reclaim his personal property. Accordingly, Collins fails to assert a valid cause of action for conversion.

Based upon these findings and conclusions, the Court will not provide Collins an opportunity to amend his Amended Complaint. *See Hitt,* 561 F.2d at 608–09. This Court provided Collins an opportunity to amend the Complaint prior to the filing of this Motion to Dismiss to correct the presented deficiencies, and he did file this Amended Complaint. *See Hitt,* 561 F.2d at 608–09; *Mendoza-Tarango*, 982 F.3d at 402; *Marucci Sports,* 751 F.3d at 378.

## Conclusion

Construing the facts as alleged in the light most favorable to Collins and in consideration of applicable law, Westlake's Motion to Dismiss is **GRANTED**. *See ECF No. 16.* Final Judgment will issue separately.

Collins's Emergency Motion for Contempt and Sanctions, Motion to Amend Complaint, and Request for Fair Compensation for Vehicle is DENIED. *See ECF No. 18*.

It is so ORDERED.
SIGNED this 10th day of March, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE