UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JODIE COLLINS,

  *Plaintiff*,

v.                                                         Case No.  SA-25-CV-00021-JKP

WESTLAKE FINANCIAL SERVICES,

  *Defendant*.

# O R D E R

Before the Court is Plaintiff Jodie Collins's Motion for Reconsideration. *ECF No.23*. Upon consideration, the Motion is **DENIED**.

## Factual Background

On March 10, 2025, this Court issued a Memorandum Opinion and Order granting Defendant Westlake Financial Services's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF Nos. 21,22*. On the same day, Collins filed a "Motion for Reconsideration" pursuant to Federal Rule of Civil Procedure 59(e), and in the alternative 60(b). *ECF No. 23*.

When a litigant files a request that a district court reexamine a prior dispositive ruling, the request is treated as though it was filed under Federal Rule of Civil Procedure 59(e) if filed within twenty-eight days after the entry of the judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam); *Lettieri v. Securus Techs.*, No. 3:24-CV-270, 2024 WL 4030015, at *1 (N.D. Tex. June 12, 2024), *report and recommendation adopted*, 2024 WL 4031504 (Sept. 3, 2024). Accordingly, this Court will consider Collins's "Motion for Reconsideration" under Federal Rule 59(e). *See id.*

Federal Rule 59(e) provides an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021). While the text of the Rule does not specify the available grounds for obtaining the requested corrective relief, in the Fifth Circuit, Federal Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019). Accordingly, any motion filed pursuant to Federal Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law; but does not provide remedy or consideration of arguments "which could, and should, have been made before the judgment issued." *Id.*; *Demahy*, 702 F.3d at 182.

Collins's primary argument for reversal of this Court's dismissal of suit is:

> [t]he Court's Opinion (ECF No. 21) held that a "bill of exchange" created by a private citizen cannot be used as legal tender in the United States. *Chavis v. T-Mobile US, Inc.*, No. 23-CV-1513, 2024 WL 150734, at *4 and n.2 (W.D. Tex. Jan. 11, 2024) and similar cases. However, this finding is incorrect because **the Bill of Exchange in question was not issued by a private citizen but by the Defendant (Westlake Financial Services)** itself as part of the financing transaction. [Collins], as the recipient of this Bill of Exchange, lawfully **endorsed and converted it into a valid check under the Bill of Exchange Act**, making it a **legally enforceable negotiable instrument** that Defendant was obligated to honor.

*ECF No. 23, pp. 2-3*.

Under these narrow standards, Collins fails to show a basis for corrective remedy under Federal Rule 59(e). This main argument is contrary to the pleaded facts in Collins's Amended Complaint, which states, "[Collins] mailed a **negotiable instrument for $9,000** on **January 4, 2024**, as tender of payment under **UCC § 3-104**; [Westlake] **refused to process the payment** and failed to apply it to [Collins's] account." *ECF No. 12, p. 2*. Consequently, Collins fails to identify any manifest error in law or fact. Further, this Court examined the subject "Bill of Exchange" attached to the Motion to Dismiss because it was referenced in the Amended Complaint.

Collins fails to identify any newly discovered or previously unavailable evidence. Finally, this argument was available to Collins when responding to the Motion to Dismiss; however, Collins failed to raise this argument. Collins cannot now urge reconsideration on an argument that was available when responding to the Motion to Dismiss.

Aside from this primary argument, Collins asserts varied arguments pertaining to the veracity of the Court's conclusions and dismissal of suit; however, these arguments do not provide basis for corrective remedy pursuant to Federal Rule 59(e).

For these reasons, the Court **DENIES** the Motion for Reconsideration pursuant to Federal Rule 59(e).

It is so ORDERED.
SIGNED this 12th day of March, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE