Case 5:25-cv-00021-JKP-RBF     Document 29     Filed 04/30/25     Page 1 of 16

FILED
April 30, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TEXAS SAN ANTONIO DIVISION

JODIE COLLINS,

Plaintiff,

v.

WESTLAKE FINANCIAL SERVICES,

Defendant.

Case No. SA-25-CV-00021-JKP

# PLAINTIFF'S MOTION FOR SANCTIONS DUE TO BAD FAITH LITIGATION CONDUCT AND VIOLATIONS OF STATE AND FEDERAL LAW

TO THE HONORABLE COURT:

NOW COMES Plaintiff Jodie Collins, pro se, and respectfully moves this Court for the imposition of sanctions against Defendant Westlake Financial Services pursuant to the Court's inherent authority and Rule 11 of the Federal Rules of Civil Procedure. This Motion is based on Defendant's willful misconduct and bad faith litigation conduct, including the unlawful repossession and subsequent sale of Plaintiff's vehicle while litigation was ongoing, in violation of specific federal statutes and commercial law, including but not limited to the Fair Debt Collection Practices Act (FDCPA), the Uniform Commercial Code (UCC), and the Texas Deceptive Trade Practices Act (DTPA). In support of this Motion, Plaintiff attaches the following exhibits:

- **Exhibit A:** Proof of Payment dated January 4, 2025;
- **Exhibit B:** Complaint filed January 6, 2025;
- **Exhibit C:** Post-Repossession Notice of Sale;
- **Exhibit D:** Declaration of Jodie Collins in Support of Sanctions Motion.

# I. BACKGROUND

On January 4, 2025, Plaintiff submitted a payment to Defendant that satisfied the outstanding balance on the subject vehicle account. On January 6, 2025, Plaintiff filed suit in this Court. On February 10, 2025, while the litigation was active, Defendant repossessed Plaintiff's vehicle without providing any new notice of default, communication, or opportunity to cure. On February 28, 2025, and without any written notice or opportunity to object or redeem, Defendant sold the vehicle. These actions demonstrate a willful effort to undermine the Plaintiff's rights and disrupt the judicial process.

# II. BASIS FOR SANCTIONS

## A. BAD FAITH LITIGATION CONDUCT

Defendant acted with an improper purpose when it repossessed and sold the vehicle after the Plaintiff initiated suit, knowing that the account was not in default. This conduct is indicative of bad faith and constitutes a deliberate attempt to undermine Plaintiff's legal position.

## B. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Pursuant to 15 U.S.C. § 1692f(6), a debt collector may not repossess property unless it has a present legal right to do so. Because Plaintiff's account was current and no new default notice had been issued, Defendant had no such legal right.

## C. VIOLATIONS OF UCC ARTICLE 9

Defendant failed to comply with UCC §§ 9-610 and 9-611, which require that the sale of collateral be conducted in a commercially reasonable manner and that the debtor receive advance written notice of the sale. Defendant failed to meet both requirements—no notice was provided, and the method of sale was not shown to meet commercial reasonableness standards.

## D. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)

Defendant violated the Texas DTPA, Tex. Bus. & Com. Code § 17.46(b), including:

- Subsection (12): Misrepresenting the status of Plaintiff's account;
- Subsection (24): Failing to disclose material facts, including the satisfaction of the alleged debt.

# III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court impose the following sanctions against Defendant:

1. **Monetary Sanctions** in an amount sufficient to deter repetition of such conduct;
2. **Compensatory Damages** for the loss of the vehicle, loss of use, and related economic harm in the amount of $24,500, based on an estimated $20,000 fair market value of the vehicle and $4,500 for loss of use.
3. **Legal Expenses and Attorney-in-Fact Compensation** in the amount of $15,000 (20 hours at $750/hr);
4. **Treble Damages** under DTPA in the amount of $73,500 (3 × $24,500) if gross misconduct is found;
5. **Court Costs and Certified Mail Expenses** totaling $547.50;
6. Any further relief the Court deems just and proper, including but not limited to injunctive relief, declaratory relief, or an order requiring corrective action regarding Plaintiff's credit report and financial record.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Motion for Sanctions and award the relief requested herein, along with any additional relief in law or equity to which Plaintiff may be justly entitled.

Respectfully submitted,

DATED: April 30, 2025

/s/ Jodie Collins
JODIE COLLINS
Plaintiff, Pro Se
6706 Crest Place
Live Oak, Texas 78233
procorp2009@gmail.com
(210) 279-6926

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, a true and correct copy of the foregoing Motion for Sanctions and all referenced exhibits were served upon all parties of record via CM/ECF electronic filing system. All referenced exhibits were previously filed and are hereby incorporated by reference.

/s/ Jodie Collins
JODIE COLLINS

# EXHIBIT A

# Transaction Details



## ACI WESTLAKE PAYMENT

## -$1,163.62

### Transaction details

| | |
|---|---|
| Type | Card |
| Transaction date | Jan 04, 2025 |
| Posted date | Jan 06, 2025 |

📞 (323) 692-8800

| | |
|---|---|
| Description | ACI*WESTLAKE PAYMENT 323-692-8800 CA    01/05 |
| Also known as | ACI WESTLAKE PAYMENT |
| Merchant type | Foreign currency, money orders, debt repayment |
| Method | Online, mail or phone |
| Category | Personal |

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

Civil Action No. **SA25CA0021 JKP**

RECEIVED JAN -6 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

**JODIE COLLINS**, Plaintiff,

v.

**Westlake Financial Services**, Defendant.

**COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE LAW, BREACH OF CONTRACT, AND DAMAGES**

## INTRODUCTION

1. Plaintiff JODIE COLLINS ("Plaintiff") brings this action against Westlake Financial Services ("Defendant") for breaches of contract, wrongful repossession, and violations of both federal and Texas state consumer protection laws. Plaintiff alleges that Defendant failed to honor a payment tendered via a negotiable instrument, failed to validate the debt upon request, and wrongfully repossessed Plaintiff's vehicle, causing significant financial, emotional, and logistical damages.
2. Plaintiff seeks compensatory and punitive damages, equitable relief, and other remedies under the Uniform Commercial Code ("UCC"), Federal Reserve Act, Emergency Banking Act, Texas Deceptive Trade Practices Act ("DTPA"), and other relevant statutes and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction for related state law claims).
4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred within this district, and Defendant conducts substantial business in this jurisdiction.

## PARTIES

5. Plaintiff JODIE COLLINS is an individual residing in Live Oak, Bexar County, Texas.
6. Defendant Westlake Financial Services is a financial institution with its principal place of business at 4751 Wilshire Blvd #100, Los Angeles, CA 90010. Defendant services loans nationwide, including in Texas.

## FACTUAL BACKGROUND

7. On or about July 10, 2024, Plaintiff purchased a 2011 BMW 740LI from Auto Select Groups LLC for $10,672.92. Plaintiff made a $1,600 down payment, and Auto Select Groups LLC financed the remaining balance. Auto Select Groups LLC assigned the loan to Defendant Westlake Financial Services on the same day.
8. In November 2024, Plaintiff tendered payment via a negotiable instrument, specifically a bill of exchange in the amount of $9,000, as authorized under UCC §3-104 and the Federal Reserve Act. Plaintiff's agent, acting under durable power of attorney, instructed Defendant to apply the payment using Principal's interest from security collateral. Despite compliance with governing laws, Defendant rejected the payment and claimed it was invalid.
9. On December 30, 2024, Plaintiff issued a formal debt validation notice to Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692g, requesting verification of the debt and evidence of its validity. Defendant failed to provide the required validation.
10. On January 3, 2025, Defendant repossessed Plaintiff's vehicle without prior notice or compliance with the validation requirements under FDCPA and applicable UCC provisions.
11. As a result, Plaintiff was forced to pay $1,163.62 to retrieve the vehicle. Compounding the harm, Plaintiff's newborn grandchild's car seat base was in the vehicle at the time of repossession, rendering it impossible to transport the child safely. Due to the storage facility's closure over the weekend, Plaintiff was unable to retrieve the vehicle or access its contents until the following Monday, further exacerbating the financial and emotional impact.

## CAUSES OF ACTION

### Count 1: Breach of Contract

12. Plaintiff incorporates by reference paragraphs 1 through 11 as if fully set forth herein.

13. A valid contract existed between Plaintiff and Defendant for the financing of the vehicle.
14. Plaintiff fulfilled all contractual obligations, including tendering payment through a lawful negotiable instrument.
15. Defendant breached the contract by failing to accept the payment and repossessing the vehicle without just cause or legal basis.

## Count 2: Violations of the Fair Debt Collection Practices Act (FDCPA)

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.
17. Defendant violated 15 U.S.C. §1692g by failing to validate the debt after receiving Plaintiff's notice and subsequently repossessing the vehicle without the requisite verification.

## Count 3: Violations of the Texas Deceptive Trade Practices Act (DTPA)

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.
19. Defendant engaged in deceptive trade practices under Tex. Bus. & Com. Code §17.46(b) by misrepresenting the validity of Plaintiff's payment and repossessing the vehicle in bad faith.

## Count 4: Wrongful Repossession

20. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.
21. Defendant's actions constituted wrongful repossession, as they failed to comply with contractual and statutory requirements, including providing adequate notice and honoring lawful payments.

## DAMAGES

22. Plaintiff seeks the following damages:

    a. Actual damages in the amount of $1,163.62 paid to retrieve the vehicle;

    b. Refund of the $1,600 down payment;

    c. Emotional distress damages in the amount of $15,000, arising from the wrongful repossession and associated stress;

    d. Legal fees at $750 per hour for an estimated 25 hours, totaling $18,750;

    e. Postal and administrative expenses amounting to $200;

    f. Punitive damages of $50,000 to deter future misconduct by Defendant;

    g. Any other relief deemed just and proper by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant;
2. Award Plaintiff the damages detailed above;
3. Declare that Defendant's actions violated the FDCPA and DTPA;
4. Order Defendant to accept the bill of exchange as valid payment and cease further collection activities;
5. Award Plaintiff the costs and expenses of this action, including reasonable attorney fees;
6. Grant such other and further relief as the Court deems equitable and appropriate.

## DEMAND FOR BENCH TRIAL

Plaintiff requests a trial by judge on all issues so triable.

Respectfully submitted,

JODIE COLLINS
6706 Crest Place
Live Oak, TX 78233
210-279-6926
procorp2009@gmail.com

Dated: January 6, 2025

# EXHIBIT C





4751 Wilshire Blvd. Suite 100
Los Angeles, CA 90010
1-888-739-9192

0000552-0000780 S0105 001 ------ 746419

JODIE COLLINS JR
6706 CREST PL
LIVE OAK, TX 78233

# NOTICE OF OUR PLAN TO SELL PROPERTY

Date of Notice: **02/14/2025**                                Account: **31545179**

| Name and address of holder of contract and legal owner of Vehicle (secured party):<br><br>Telephone number to call for information: 1-888-739-9192 | Westlake Financial Services<br>4751 Wilshire Blvd. Suite 100<br>Los Angeles, CA 90010 |
|---|---|

| Description of Motor Vehicle ("Vehicle") ||||
|---|---|---|---|
| Year | Make | Model | VIN |
| **2011** | **BMW** | **7 SERIES** | **WBAKB4C53BC392987** |

| Name and address of each person (debtor) liable on the Contract:<br>**JODIE COLLINS JR**<br>**6706 CREST PL,**<br>**LIVE OAK, TX 78233** |
|---|

**Subject: Motor Vehicle Conditional Contract of Sale or Security Agreement**

We have your Vehicle because you broke promises in our agreement. We intend to dispose of the vehicle as explained in this Notice, subject to your right to redeem (get back) the Vehicle as described in this Notice.

| ☒ Private Sale |
|---|
| We will sell the Vehicle at private sale sometime after 8:00 AM on **02/27/2025**. A sale could include a lease or license. |

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, except as limited by law. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can redeem the Vehicle (get it back) at any time before we sell it by paying us the total outstanding balance (not just the past due payments) including our expenses. To learn the exact amount you must pay to redeem the Vehicle, call us at the telephone number shown at the top of this Notice. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number shown at the top of this Notice, or you may write to us at the address shown at the top of this Notice and request a written explanation.

If you need more information about the sale of the Vehicle, call us at the telephone number shown at the top of this Notice or write to us at the address shown at the top of this Notice.

We are sending this Notice to each of the people who owe money under your agreement, as shown at the top of this Notice, or people who have an interest in the vehicle and who are not shown at the top of this Notice.



Mon – Fri: 5 am to 8 pm • Sat and Sun: 5 am to 2 pm (all times pacific) • Phone: (888) 739-9192

5010

# EXHIBIT D

EXHIBIT D

# DECLARATION OF JODIE COLLINS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

I, Jodie Collins, hereby declare as follows:

1. I am the Plaintiff in the above-captioned matter and make this Declaration in support of my Motion for Sanctions. I am over the age of 18 and competent to testify to the facts stated herein, which are based on my personal knowledge.
2. On January 4, 2025, I made a payment to Westlake Financial Services in the amount of $1,163.62, which satisfied the outstanding balance on the subject vehicle account. A true and correct copy of this proof of payment is attached as Exhibit A to the Motion for Sanctions.
3. On January 6, 2025, I filed the Complaint initiating this lawsuit in the United States District Court for the Western District of Texas. At the time of filing, I had possession of the subject vehicle and was not in default.
4. On February 10, 2025, during the pendency of this litigation, Westlake Financial Services repossessed the vehicle without providing any new notice of default, communication, or opportunity to cure.
5. On February 28, 2025, and without any written notice or opportunity to object or redeem, Westlake Financial Services sold the vehicle. A copy of the post-repossession Notice of Sale is attached as Exhibit C to the Motion for Sanctions.
6. At no time did Westlake Financial Services provide me with advance written notice of their intent to dispose of the vehicle as required under UCC § 9-611.
7. Westlake's actions occurred despite my account being current at the time of litigation. These actions were undertaken with full knowledge that the matter was under the jurisdiction of this Court.
8. These acts have resulted in financial harm, loss of transportation, interference with judicial proceedings, and reputational damage.
9. I respectfully request that the Court take judicial notice of the documented sequence of events—including the date of payment, date of complaint, date of repossession, and date of sale—as supported by the exhibits, and grant the relief requested in my Motion for Sanctions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 30, 2025.

/s/ Jodie Collins
JODIE COLLINS
Plaintiff, Pro Se
6706 Crest Place
Live Oak, Texas 78233
procorp2009@gmail.com
(210) 279-6926

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TEXAS SAN ANTONIO DIVISION

JODIE COLLINS,

Plaintiff,

v.

WESTLAKE FINANCIAL SERVICES,

Defendant.

Case No. SA-25-CV-00021-JKP

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

On this day, the Court considered Plaintiff Jodie Collins's Motion for Sanctions Due to Bad Faith Litigation Conduct and Violations of State and Federal Law (the "Motion"). Having reviewed the Motion, supporting Declaration, attached Exhibits, and the applicable law, the Court is of the opinion that the Motion should be, and hereby is, **GRANTED**.

IT IS THEREFORE ORDERED that:

1. Defendant Westlake Financial Services shall pay **Compensatory Damages** to Plaintiff in the amount of **$24,500**, representing the estimated value of the repossessed vehicle and loss of use.
2. Defendant shall further pay **Legal Expenses and Attorney-in-Fact Compensation** in the amount of **$15,000** based on documented litigation preparation and representation at a rate of $750 per hour.
3. Defendant shall pay **Court Costs and Certified Mail Expenses** in the amount of **$547.50**.
4. Pursuant to the Texas Deceptive Trade Practices Act, if the Court finds Defendant's conduct constituted gross misconduct, **Treble Damages** in the amount of **$73,500** are hereby awarded to Plaintiff.
5. Defendant shall take all necessary steps to correct any adverse credit reporting resulting from the repossession and sale of the vehicle.

6. The Court further orders any additional equitable relief it deems just, including any injunctive or declaratory relief as warranted.

IT IS SO ORDERED.

SIGNED this ____ day of _____, 2025.

---

HON. JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE