FILED
August 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

No. 25-50340

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

JODIE COLLINS,

Plaintiff–Appellant,

v.

WESTLAKE FINANCIAL SERVICES,

Defendant–Appellee.

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
Case No. 5:25-CV-00021-JKP
Hon. Jason K. Pulliam, District Judge

## APPELLANT'S OPENING BRIEF

JODIE COLLINS
Pro Se Appellant
6706 Crest Place
Live Oak, Texas 78233
procorp2009@gmail.com
(210) 279-6926

## CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Jodie Collins – Plaintiff–Appellant

2. Westlake Financial Services – Defendant–Appellee

3. Hon. Jason K. Pulliam – U.S. District Judge

No publicly traded company has an interest in this appeal.

/s/ Jodie Collins

Jodie Collins

Pro Se Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. The facts and legal issues are adequately presented in the briefs and record, and oral argument is not necessary to aid the Court's decisional process.

# TABLE OF CONTENTS

Certificate of Interested Persons .................................................... 1

Statement Regarding Oral Argument ............................................. 2

Table of Authorities .................................................................. 4-5

Jurisdictional Statement ............................................................. 6

Statement of the Issues .............................................................. 7

Statement of the Case .............................................................. 8-9

Summary of the Argument ..................................................... 10-11

Standard of Review .................................................................. 12

Argument ............................................................................ 13-16

    The District Court Abused Its Discretion in Denying Rule 60(b) Relief.......................................................................................... 13

    Westlake Violated the FDCPA and UCC.................................... 14

    The Court Failed to Rule on Sanctions Despite Clear Misconduct................................................................................ 15

    Appellant Tendered Performance and Westlake Lacked Right of Possession........... 15-16

Conclusion and Prayer for Relief ................................................ 17

Certificate of Service ................................................................ 18

Certificate of Compliance ......................................................... 19

# TABLE OF AUTHORITIES

**Cases**

- Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (holding due process requires notice and hearing before deprivation of property) .......... 10,16

- Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 395 (1993) (defining excusable neglect and Rule 60(b) standards) ............................ 12,13

- SEC v. First Fin. Grp. of Texas, 645 F.2d 429, 433 (5th Cir. 1981) (court must impose sanctions for egregious misconduct under inherent powers) …….. 12,15

- United States v. Hooe, 3 Cranch 73, 90 (1805) (recognizing negotiable instruments as enforceable obligations) .......................... 16

- Zion's Central Bank v. United States, 243 U.S. 124, 137 (1917) (recognizing binding effect of obligations issued under Federal Reserve Act) .......... 16

**Statutes and Rules**

- 28 U.S.C. § 1291 (final decision rule for appellate jurisdiction) .......... 6
- 28 U.S.C. § 1331 (federal question jurisdiction) .......... 6
- 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims) .......... 6
- 15 U.S.C. § 1692f(6) (prohibiting repossession without present right to possession) .......... 10,14
- Tex. Bus. & Com. Code § 17.46(b) (DTPA unfair trade practices provision) .......... 14
- UCC § 9-611(b) (requiring notice of disposition of collateral before sale) .......... 7,8,10,14
- UCC § 9-610 (requiring commercially reasonable sale of collateral) .......... 7,14
- UCC § 3-603(a) (tender of payment discharges obligation) .......... 16
- Federal Reserve Act § 16 (applications receivable by member banks, guaranteed by U.S.) .......... 16
- Fed. R. Civ. P. 60(b)(1), (3), (6) (standards for relief from judgment: mistake, fraud, extraordinary circumstances) .......... 13

## Jurisdictional Statement

The district court had subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) because the case involved violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and under 28 U.S.C. § 1367 (supplemental jurisdiction) for related Texas state law claims under the Deceptive Trade Practices Act.

Final Judgment was entered on March 10, 2025 (ROA.22). Appellant timely filed a Notice of Appeal on April 28, 2025 (ROA.28). This Court has jurisdiction under 28 U.S.C. § 1291 because the appeal is from a final decision of the United States District Court for the Western District of Texas.

**Statement of the Issues**

1. Whether the district court abused its discretion in denying Plaintiff's Rule 60(b) motion despite unrebutted evidence that the account was brought current prior to repossession and that the vehicle was sold during pending litigation.

2. Whether Westlake violated the FDCPA, UCC §§ 9-610 and 9-611, and the Texas Deceptive Trade Practices Act by repossessing and selling collateral without lawful right or required notice.

3. Whether the district court erred in refusing to address Plaintiff's motion for sanctions despite sworn declarations and exhibits proving bad faith and statutory violations.

4. Whether Plaintiff's Tender of Performance constituted valid consideration under UCC § 3-603 and the Federal Reserve Act, discharging the obligation and barring repossession.

5. Whether repossession and sale without notice deprived Plaintiff of property without due process in violation of the Fifth and Fourteenth Amendments.

**Statement of the Case**

On January 6, 2025, Plaintiff filed his Complaint alleging improper repossession and statutory violations (ROA.1). Westlake was served and entered appearance on January 30, 2025 (ROA.6).

Plaintiff brought his account current with a payment on January 4, 2025. Despite this, Westlake repossessed Plaintiff's vehicle on February 10, 2025, during the pendency of litigation (ROA.14). On February 28, 2025, Westlake sold the vehicle without providing pre-sale notice as required by UCC § 9-611.

Plaintiff filed an Emergency Motion for TRO on February 27, 2025, which was granted on March 3, 2025 — after the vehicle had already been sold (ROA.15).

On March 4, 2025, Westlake moved to dismiss (ROA.16). Plaintiff opposed (ROA.17) and moved for sanctions (ROA.18). Despite evidence, the district court granted dismissal and entered Final Judgment on March 10, 2025 (ROA.21, ROA.22).

Plaintiff filed motions for reconsideration and clarification, all denied (ROA.23, ROA.24, ROA.25, ROA.27). Plaintiff also filed a Rule 60(b) motion to vacate, which was denied (ROA.26).

A Motion for Sanctions was filed with supporting evidence, but the court entered only a text order denying it without substantive ruling (ROA.29).

Plaintiff timely filed this appeal (ROA.28).

## Summary of the Argument

The district court erred in dismissing Plaintiff's claims and denying Rule 60(b) relief despite clear evidence that:

- The account was brought current before repossession.

- The vehicle was unlawfully repossessed and sold during litigation.

- Westlake failed to provide pre-sale notice as required by UCC § 9-611.

- Plaintiff filed a sworn sanctions motion that the district court failed to address.

Tender of Performance was valid consideration and, once refused, discharged the obligation under UCC § 3-603. Westlake therefore had no present right of possession under 15 U.S.C. § 1692f(6).

The Supreme Court has confirmed that due process requires notice and a meaningful opportunity to be heard before deprivation of property. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). Westlake's actions deprived Plaintiff of this right.

Relief Sought: Appellant requests reversal of the district court's dismissal, remand for further proceedings, entry of sanctions against Westlake,

restoration or value compensation for the vehicle, statutory damages under the FDCPA, UCC, and DTPA, and such other relief as the Court deems just.

**Standard of Review**

The denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

A district court's refusal to impose sanctions under its inherent powers is also reviewed for abuse of discretion. *SEC v. First Fin. Grp. of Texas*, 645 F.2d 429, 433 (5th Cir. 1981).

Legal conclusions, including misapplication of the FDCPA, UCC, and constitutional due process, are reviewed de novo.

# ARGUMENT

## The District Court Abused Its Discretion in Denying Rule 60(b) Relief

Relief under Rule 60(b) is available for mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). This Court reviews denial of such relief for abuse of discretion. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993) (holding that courts must apply Rule 60(b) "equitably and liberally" to ensure that "justice is done") (p. 13).

Here, Appellant's account was brought current before repossession (*ROA.12 Amended Complaint*), yet Westlake repossessed and sold the vehicle while litigation was pending. The district court dismissed despite unrebutted proof of this fact (*ROA.14 TRO Motion; ROA.15 TRO Order*). Extraordinary circumstances and judicial error justified relief. The refusal to vacate was an abuse of discretion under *Pioneer*.

**Westlake Violated the FDCPA and UCC**

The FDCPA prohibits repossession absent a present right of possession. *15 U.S.C. § 1692f(6)* (forbidding nonjudicial repossession when "there is no present right to possession of the property").

The UCC requires secured parties to provide notice prior to sale of collateral. *UCC § 9-611(b)* (notice must be sent "within a reasonable time before the disposition"); *UCC § 9-610* (sale must be "commercially reasonable"). Texas law further prohibits deceptive acts, including repossession in violation of statutory rights. *Tex. Bus. & Com. Code § 17.46(b)(12)* (misrepresenting rights or remedies).

Westlake repossessed without a present right because Appellant had tendered performance (*ROA.12 Amended Complaint*). It then sold the vehicle on February 28, 2025, without any pre-sale notice (*ROA.14 TRO Motion*). This violated both federal and state law.

## The District Court Erred in Failing to Rule on Sanctions

Appellant filed a Motion for Sanctions with supporting declaration and evidence (*ROA.29*). The district court ignored this filing and issued no substantive ruling.

Failure to consider sanctions constitutes reversible error. *SEC v. First Fin. Grp. of Texas*, 645 F.2d 429, 433 (5th Cir. 1981) (holding that courts must exercise inherent power to sanction bad-faith conduct, and failure to do so when misconduct is shown is abuse of discretion) (p. 15).

Westlake acted in bad faith by repossessing and selling the vehicle after payment, without notice, and during litigation. The district court's silence deprived Appellant of a ruling on a properly presented motion, a due process violation.

---

## Appellant Tendered Performance and Westlake Lacked Right of Possession

Appellant submitted an Application with a full Tender of Performance as collateral security, satisfying the financing obligation (*ROA.12 Amended Complaint; ROA.18 Motion for Contempt and Sanctions*).

15

"Tender of payment of an obligation to pay an instrument discharges the obligation of the party obliged to pay." *UCC § 3-603(a)* (p. 18).

"Applications for Federal Reserve notes shall be receivable… and such notes shall be obligations of the United States." *Federal Reserve Act § 16, 12 U.S.C. § 411* (p. 18).

Once tendered, the debt was discharged, and no right of possession remained. Repossession was unlawful.

The Supreme Court has reinforced the binding nature of such instruments. *United States v. Hooe*, 3 Cranch 73, 90 (1805) (recognizing that obligations presented under statute must be honored) (p. 18); *Zion's Central Bank v. United States*, 243 U.S. 124, 137 (1917) (holding that obligations issued under the Federal Reserve Act are binding) (p. 18).

Moreover, repossession during litigation without notice denied due process. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (holding that due process requires notice and a meaningful hearing before deprivation of property) (p. 16).

Accordingly, Appellant's tender discharged the obligation, Westlake had no lawful right to possession, and the repossession and sale violated both statutory law and constitutional guarantees.

**Conclusion and Prayer for Relief**

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Reverse the district court's dismissal and denial of Rule 60(b) relief;

2. Remand the case for adjudication on the merits and for a ruling on sanctions;

3. Order sanctions against Westlake Financial Services for bad faith conduct;

4. Award damages as authorized by statute:

    - FDCPA statutory damages, 15 U.S.C. § 1692k;

    - UCC remedies for wrongful repossession and sale, UCC §§ 9-610, 9-611, and 3-603;

    - Treble damages under the Texas DTPA, Tex. Bus. & Com. Code § 17.50(b)(1);

    - Compensation for deprivation of property without due process in violation of the Fifth and Fourteenth Amendments;

5. Grant restitution or monetary value of the repossessed vehicle, plus additional equitable relief restoring Appellant's credit standing; and

6. Provide such other and further relief as justice and equity require.

Respectfully submitted,

/s/ Jodie Collins
Jodie Collins
Pro Se Appellant
6706 Crest Place
Live Oak, Texas 78233
(210) 279-6926
procorp2009@gmail.com

Dated: August 19, 2025

**Certificate of Service**

I certify that on August 19, 2025, a true and correct copy of the foregoing Brief was filed with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Jodie Collins
Jodie Collins

**Certificate of Compliance**

Pursuant to Fed. R. App. P. 32(a)(7)(B), I certify that this Brief contains approximately 2,058 words, excluding exempted sections under Rule 32(f).

This Brief complies with the typeface requirements of Rule 32(a)(5) and type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, with double-spaced text and indented, single-spaced block quotes.

/s/ Jodie Collins
Jodie Collins